**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

---

Denis Tkachev,                           :
      Petitioner,                  :
                       :
      v.                                :        No. 2:26-cv-2372
                       :
ICE Philadelphia FOD BRIAN MCSHANE, :
*Field Office Director of Enforcement and*   :
*Removal Operations, Philadelphia Field*     :
*Office, Immigration and Customs*            :
*Enforcement, et al.*,                        :
      Respondents.                 :

---

**O R D E R**

**AND NOW,** this 7th day of May, 2026, upon consideration of the Petition for Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2241, ECF No. 1;[1] the Government's Response in

Opposition, ECF No. 6,[2] and exhibits, ECF No. 7; Petitioner's Reply, ECF No. 10; the parties'

---

[1]     Petitioner Denis Tkachev, a citizen of Russia, originally arrived in the United States with his family in 2022, but subsequently returned to Russia. *See* Pet. ¶¶ 15, 47, ECF No. 1.  After political persecution, Tkachev returned to the United States in late January/February 2024. *See id.* ¶¶ 44-47 (stating that his mother and other family reside in the United States); Reply 2, ECF No. 10.  He was detained on his arrival by United States Border patrol at Otay Mesa, California, placed in removal proceedings, and released on his own recognizance. *See* Pet. ¶ 45; Ex. B, ECF No. 7-2.  On April 9, 2026, Immigration and Customs Enforcement ("ICE") arrested Tkachev outside his home in Philadelphia, Pennsylvania. *See* Pet. ¶ 46.  He has no criminal charges or convictions in the United States, but does have an active criminal case in Russia, which he alleges was set up by the FSB. *See id.* ¶ 48.  The allegedly false criminal charges are the basis of Tkachev's asylum petition, which is pending. *See id.* ¶¶ 51-53.   He is being held without an opportunity to post bond. *See id.* ¶ 54.  Tkachev filed the instant habeas petition on April 11, 2026.  He alleges that his detention violates: (1) the Immigration and Nationality Act ("INA"), (2) Fifth Amendment due process, and (3) bond regulations 8 C.F.R. §§ 236.1, 1236.1, and 1003.19. *See id.* ¶¶ 57-67.

[2]     On April 21, 2026, the Government filed a Response, arguing that the Court should deny habeas relief because: (1) Tkachev is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2); and (2) his detention does not violate Constitutional due process. *See* Resp. 4-7, ECF No. 6.  The Government's exhibits show that when ICE arrested Tkachev on April 9, 2026, there was an active INTERPOL warrant for him from Russia for drug charges. *See* Ex. B, ECF No. 7-2.

supplemental responses, ECF Nos. 13-14;[3] and for the reasons set forth in this Court's Opinions

issued in *Restrepo v. Jamison*, No. 2:25-cv-06518 at ECF No. 16 (E.D. Pa. January 20, 2026) and

*Mirdjalilov v. Federal Detention Center Philadelphia, et al.*, No. 2:25-cv-07068 at ECF No. 9 (E.D.

Pa. January 23, 2026), which are incorporated in their entireties herein;[4] **IT IS ORDERED THAT**:

The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED in part**,[5] as follows:

1.      Petitioner Denis Tkachev is not subject to mandatory detention under 8 U.S.C.

§ 1225(b)(2), and instead may be detained, if at all, pursuant to the discretionary provisions of 8

U.S.C. § 1226(a);

---

[3]      On April 29, 2026, this Court issued an Order directing the parties to file supplemental information concerning: (1) the status of the INTERPOL warrant; (2) the impact, if any, of the INTERPOL warrant on Petitioner's detention status; and (3) the impact, if any, of the INTERPOL warrant on bail for Petitioner.  *See* ECF No. 11.  In its supplemental brief, the Government maintains that "Petitioner's current detention is not predicated on criminal conduct, but on his entry into the United States without inspection. . . . The reference to an Interpol notice in the underlying immigration record neither expands nor alters the governing statutory framework already invoked. . . . [T]he Interpol notice has no additional bearing on Petitioner's detention status."  *See* ECF No. 13.  In his supplemental brief, "Petitioner concurs that the INTERPOL warrant does not affect his detention status, nor his eligibility for bail."  *See* ECF No. 14.

[4]      These opinions addressed similar habeas claims and rejected the Government's arguments, which are substantially similar as those brought in the above-captioned action.  These opinions are only two of dozens of analogous cases decided similarly in this District.  In a manner consistent with other recent decisions in this District, this Court found that the petitioners' continued detentions without a bond hearing violated the INA and Fifth Amendment due process protections and that such petitioners—*i.e.*, aliens who had been present in the United States for several years leading up to their detention—were not subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2).  The Court also found in these opinions that it has jurisdiction over such actions pursuant to 28 U.S.C. § 2241, that neither 8 U.S.C. §§ 1252(a), (b)(9), nor (g) strip the Court of jurisdiction, and that exhaustion is not required, but the Respondents chose not to make these arguments in the instant case.  *See* Resp. 3 n.3

[5]      Tkachev's continued detention without a bond hearing violates the INA.  As he is entitled to habeas relief on this basis, the Court will not reach the merits of his claims based on violations of due process and bond regulations.  To the extent counsel seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), he may file a separate motion.

2.      **Within seven (7) days of the date of this Order**, the Government SHALL provide

Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a);[6] and

3.      The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge

---

[6]      The Court's determination in this case is limited to whether Tkachev is subject to mandatory detention without a bond hearing pursuant to 8 U.S.C. § 1225(b)(2).  Having determined that he is not, it orders a bond hearing before an immigration judge.