**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| Denis Tkachev, | : |
| Petitioner, | : |
| | : |
| v. | :   No. 2:26-cv-2372 |
| | : |
| ICE Philadelphia FOD BRIAN MCSHANE, | : |
| *Field Office Director of Enforcement and* | : |
| *Removal Operations, Philadelphia Field* | : |
| *Office, Immigration and Customs* | : |
| *Enforcement, et al.,* | : |
| Respondents. | : |

---

**O P I N I O N**
**Petitioner's Motion to Enforce, ECF No. 16 – Dismissed**

**Joseph F. Leeson, Jr.**                                                    **July 1, 2026**
**United States District Judge**

## I.      INTRODUCTION

Petitioner Denis Tkachev filed a Petition for Writ of Habeas Corpus pursuant to 28

U.S.C. § 2241 arguing that his detention without an opportunity to post bond was unlawful.  This

Court agreed, granted habeas relief, and ordered the Government to provide him with a bond

hearing.  That hearing was timely held, but Tkachev now asserts that the hearing did not comport

with due process.  He asks this Court to direct that he be given a second bond hearing before a

different Immigration Judge.  However, because he failed to exhaust administrative remedies in

the immigration courts, the instant Motion to Enforce Writ of Habeas Corpus is dismissed.

## II.      BACKGROUND

The Order dated May 7, 2026, explained the background of this case as follows:

Petitioner Denis Tkachev, a citizen of Russia, originally arrived in the United States
with his family in 2022, but subsequently returned to Russia. *See* Pet. ¶¶ 15, 47,
ECF No. 1. After political persecution, Tkachev returned to the United States in
late January/February 2024. *See id.* ¶¶ 44-47 (stating that his mother and other

family reside in the United States); Reply 2, ECF No. 10. He was detained on his arrival by United States Border patrol at Otay Mesa, California, placed in removal proceedings, and released on his own recognizance. *See* Pet. ¶ 45; Ex. B, ECF No. 7-2. On April 9, 2026, Immigration and Customs Enforcement ("ICE") arrested Tkachev outside his home in Philadelphia, Pennsylvania. *See* Pet. ¶ 46. He has no criminal charges or convictions in the United States, but does have an active criminal case in Russia, which he alleges was set up by the FSB. *See id.* ¶ 48. The allegedly false criminal charges are the basis of Tkachev's asylum petition, which is pending. *See id.* ¶¶ 51-53. He is being held without an opportunity to post bond. *See id.* ¶ 54. Tkachev filed the instant habeas petition on April 11, 2026. He alleges that his detention violates: (1) the Immigration and Nationality Act ("INA"), (2) Fifth Amendment due process, and (3) bond regulations 8 C.F.R. §§ 236.1, 1236.1, and 1003.19. *See id.* ¶¶ 57-67.

Order, ECF No. 15.  On April 21, 2026, the Government filed a Response, with exhibits, in opposition to the habeas petition.  *See* ECF Nos. 6-7.  *See also* Reply, ECF No. 10; Supp. Resp., ECF No. 13; Supp. Reply, ECF No. 14.  On May 7, 2026, this Court granted the Petition for Writ of Habeas Corpus, finding that Tkachev is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and instead may be detained, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a).  *See* Order.  This Court directed that within seven days of the date of the Order, the Government provide Tkachev with a bond hearing before an immigration judge in accordance with 8 U.S.C. § 1226(a).  *See id.*

On June 11, 2026, Tkachev filed a Motion to Enforce Writ of Habeas Corpus.  *See* Mtn., ECF No. 16.  He asserts that after a bond hearing on May 13, 2026, the Immigration Judge issued a decision denying bond, deeming him to be a flight risk and danger to the community. *See id.* at ¶ 5.  Tkachev contends that his continued detention violates this Court's May 7 Order because the bond hearing was not in compliance with constitutional requirements.  *See id.* at ¶ 7. He alleges, *inter alia*, that the Immigration Judge did not meaningfully consider any evidence presented on behalf of Tkachev and relied on unsupported accusation by the Government.  *See id.* at ¶¶ 24-27.  He asks this Court to order a second bond hearing before a different Immigration Judge that complies with constitutional principles or, alternatively, his immediate release from

detention without any re-entry restrictions. *See id.* at ¶ 29. Tkachev suggests that this Court may grant relief pursuant to 28 U.S.C. § 2241, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the All Writs Act, 28 U.S.C. § 1651. *See id.* at ¶ 10.

The Government filed a Response in opposition to the Motion to Enforce on June 18, 2026, along with the hearing transcript. *See* Resp., ECF No. 21. The Government raises two arguments. First, the Government argues that Tkachev failed to exhaust the administrative remedies available to him by virtue of his detention under 8 U.S.C. § 1226(a). *See id.* at 2. The Government asserts that a challenge to the immigration judge's denial of bond must first be presented to the Board of Immigration Appeals ("BIA") before it is ripe for review before a district court. *Id.* Tkachev's opportunity to appeal the denial of bond has expired. *See id.* To the extent he suggests futility in exhaustion, the Government cites a recent decision in this District rejecting this argument. *See id.* at 4-5 (citing *Ubaid v. Jamison*, No. 26-cv-2681-JMY, 2026 U.S. Dist. LEXIS 106445, at *9 (E.D. Pa. May 14, 2026)). Second, the Government contends that the bond hearing was constitutionally adequate. *See id.* at 2-6. The Government, citing the transcript, asserts that Tkachev, through counsel, had the opportunity to, and did, submit evidence at the hearing and make argument in support of the request for bond. *See id.* at 2-3. Additionally, the Immigration Judge, considering the evidence, explained why he found Tkachev presented a "significant flight risk" and "danger" to the community. *See id.* (citing Ex. A at 8[1]). The Government argues that Tkachev simply disagrees with the Immigration Judge's determination, which is not sufficient to render the bond hearing unconstitutional. *See id.* at 3-4.

---

[1]   This Opinion refers to the page numbers in the Exhibits assigned by the Court's Electronic Filing System (ECF).

### III.    LEGAL STANDARDS

#### A.    Habeas Corpus, 28 U.S.C. § 2241 – Review of Applicable Law

The habeas corpus statute, 28 U.S.C. § 2241, confers jurisdiction upon the federal courts to hear cases brought by immigration detainees that are being held "in custody in violation of the Constitution or laws . . . of the United States." *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); 28 U.S.C. § 2241(c)(3). "It is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody." *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972). "Although there is no statutory exhaustion requirement attached to § 2241, [the courts] have consistently applied an exhaustion requirement to claims brought under § 2241." *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000). There are limited exceptions to this requirement. "Exhaustion is not required if administrative remedies would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable injury." *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988).

#### B.    All Writs Act, 28 U.S.C. § 1651 – Review of Applicable Law

"The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute[, but w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Pa. Bureau of Corr. v. United States Marshals Serv.*, 474 U.S. 34, 43 (1985). "The All Writs Act does not itself confer any subject matter jurisdiction, but rather only allows a federal court to issue writs 'in aid of' its existing jurisdiction." *United States v. Apple Mac Pro Comput.*, 851 F.3d 238, 244 (3d Cir. 2017) (citing, *inter alia*, *Clinton v. Goldsmith*, 526 U.S. 529, 534 (1999)). *See also Reid v. Immigration & Naturalization Serv.*, 766 F.2d 113, 116 n.9 (3d Cir. 1985) (suggesting, without deciding, that § 1651 might allow for review where "an alien's departure from the United States would deprive the

4

court of appeals of jurisdiction to correct what might, under the facts of the case, be an egregious denial of discretionary relief").

        **C.**      **The Declaratory Judgment Act – Review of Applicable Law**

"The Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, does not independently grant subject-matter jurisdiction." *Temple Univ. Hosp. v. Sec'y United States HHS*, 2 F.4th 121, 132 (3d Cir. 2021) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937); *Allen v. DeBello*, 861 F.3d 433, 444 (3d Cir. 2017)).  Instead, the Act "provides a remedy for controversies otherwise properly within the court's subject matter jurisdiction." *Auto-Owners Ins. Co. v. Stevens & Ricci, Inc.*, 835 F.3d 388, 394 (3d Cir. 2016) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950)).  The "availability of such relief presupposes the existence of a judicially remediable right." *Schilling v. Rogers*, 363 U.S. 666, 677 (1960) (holding that "the Declaratory Judgment Act is not an independent source of federal jurisdiction").

**IV.**    **ANALYSIS**

Although Tkachev was provided with the opportunity to appeal the denial of bond, *see* 8 C.F.R. § 236.1(d), that opportunity expired no later than June 12, 2026,[2] *see* Resp. Ex. A at 9. Instead of filing an appeal with the BIA, he filed a Motion to Enforce in the above-captioned action.  Tkachev offers no explanation for his failure to exhaust administrative remedies, nor does he assert that one of the exceptions to the exhaustion requirement is applicable.  This Court also does not find any of the exceptions applicable that would allow this Court to review the due process complaints in the Motion to Enforce.  *See Doe v. Jamison*, No. 26-1906, 2026 U.S. Dist. LEXIS 68893, at *7 (E.D. Pa. Mar. 31, 2026) (holding that the due process claims could not be

---

[2]    The Immigration Judge, after ordering detention, advised Tkachev "June 12th is the appeal date," *see* Resp. Ex. A at 9, but the statute directs that an appeal be filed "within 10 days" of the decision on May 13, 2026, *see* 8 C.F.R. § 236.1(d).

considered because there were "no applicable statutory exhaustion requirements" and the petitioner was "detained pursuant to 8 U.S.C. § 1226(a), which provides for an administrative review of his detention").

As to the three possible exceptions to the exhaustion requirement, first, Tkachev has not alleged that an appeal to the BIA would have been futile.  To the extent the statement in the Motion that Tkachev "understands that thirty percent of bonds are granted and seventy percent are denied," *see* Mot. ¶ 27, could be construed as a futility argument, such an assertion would lack merit.  *See Ubaid*, 2026 U.S. Dist. LEXIS 106445, at \*9 (rejecting the suggestion of the petitioner, who "cite[d to] statistics that bond is only granted 27.8% of the time nationwide," that exhaustion would be futile due to the "'growing trend' of immigration courts denying bond" because "[s]peculation that a claim is merely unlikely to prevail in the administrative process based on statistical trends does not make raising that claim futile").

Second, the Immigration Judge did not "clearly and unambiguously violate" due process.  Due process has three essential elements for a bond hearing to be fundamentally fair: the "alien: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests.'"  *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 U.S. App. LEXIS 5092, at \*5-6 (3d Cir. Feb. 25, 2022) (quoting *Kamara v. AG of the United States*, 420 F.3d 202, 211 (3d Cir. 2005) (quoting *Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001))).  The due process challenge here focuses on the third element. *See* Mot. ¶¶ 24-27.  Tkachev argues that the Immigration Judge did not meaningfully consider the evidence presented on his behalf, specifically, his fixed address that he shares with his immediate family, tax information, work authorization, small business, pending asylum application, compliance with ICE, and preparations for college.  *See id.*  This evidence was presented to support

6

Tkachev's argument that he is not a flight risk. *See* Ex. A at 4. The only evidence mentioned by Tkachev's counsel at the hearing to support the argument that he is not a danger to the community is his lack of "any criminal convictions or [h]is arrests for any criminal issues in the United States." *Id.* at 5. It was Tkachev's burden to demonstrate that his "release will not pose a danger to the community or to the safety of other persons or to property or a significant risk of flight pending such alien's removal from the United States." 8 C.F.R. § 241.4(d)(1). Thus, to be released, he had to establish that he was not a flight risk and that he did not pose a danger to the community. The Immigration Judge, after considering "arguments from both sides" and recognizing that the Interpol warrant was not active, found that Tkachev presents a "danger to the community" in light of the fact he was found "in an area that's very drug ridden [] and significantly far from his home" and "while he wasn't found with drugs, he was found with large amounts of cash, he was found with a bat, he was found with [] items that ordinarily would be carried by someone who is dealing in drugs." *See* Ex. A. The Immigration Judge, after also considering that Tkachev has "only been here for a few years" and "no one in his nuclear family has any status here," further found that Tkachev has "limited ties to the United States" and presents a flight risk. *See id.* The Immigration Judge noted: "[w]hether or not his application is going to be successful or not remains to be seen." *Id.* Although the Immigration Judge did not mention every piece of evidence presented by Tkachev, he clearly afforded an individualized bond hearing. *See Romero v. Ogle*, No. 1:21-cv-01192, 2021 U.S. Dist. LEXIS 258313, at *8 (M.D. Pa. Nov. 12, 2021) (In determining whether a bond hearing was individualized, the court considers "whether the exercise of discretion in denying bond was so arbitrary that it would offend fundamental tenets of due process. . . . If no rational basis exists for the denial of bond, only then does the Court find a violation of due process by the administrative tribunals below." (internal citations omitted)). Tkachev's disagreement with the outcome is not sufficient to show that it was "clearly and unambiguously" unconstitutional. *See Ghanem*, 2022

7

070126

U.S. App. LEXIS 5092, at *8 (holding that "just because there are disagreements about the outcome of the bond hearing, this does not mean that the IJ violated due process in conducting the bond hearing").  The Immigration Judge, who explained why he found that Tkachev was a danger to the community and a flight risk, did not "clearly and unambiguously violate" due process.  *See Serrano-Vargas v. Lowe*, No. 3:17-0801, 2019 U.S. Dist. LEXIS 114629, at *12 (M.D. Pa. July 10, 2019) ("When reviewing a discretionary denial of bond, the degree of arbitrariness necessary to state a constitutional claim is striking and the petitioner 'bears the burden of showing that there is no rational basis in the record for the denial of bail.' *Martin v. Diguglielmo*, 644 F. Supp. 2d 612, 621 (W.D. Pa. 2008)").

Finally, Tkachev does not contend, nor has he "clearly shown," that an appeal to the BIA would have been inadequate to prevent irreparable injury.  He has therefore failed to establish an exception to the exhaustion requirement under § 2241.  For this reason and because neither the All Writs Act nor the Declaratory Judgment Act provides an independent basis for subject-matter jurisdiction, the Motion to Enforce is dismissed.  *See Callwood*, 230 F.3d at 634 (directing the district court to dismiss for failure to exhaust).

## V.     CONCLUSION

Tkachev alleges that he was denied due process at his bond hearing, but failed to appeal the Immigration Judge's decision to the BIA.  Because he failed to exhaust administrative remedies, the constitutional challenge will not be reviewed by this Court.  The Motion to Enforce is therefore dismissed for failure to exhaust.

A separate order will be issued.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge